**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

**MEREDITH HOSE COMPANY NO. 1,**

                              **Plaintiff,**                    **3:17-cv-00332 (BKS/ATB)**

**v.**

**PLASTISOL COMPOSITES, LLC,**

                              **Defendant.**

_____

**APPEARANCES:**

*For Plaintiff:*
Oliver N. Blaise, III
Coughlin & Gerhart, LLP
99 Corporate Drive
P.O. Box 2039
Binghamton, NY 13902

**Hon. Brenda K. Sannes, United States District Judge:**

### ORDER TO SHOW CAUSE

      Plaintiff Meredith Hose Company No. 1 filed this action asserting that this Court has

subject-matter jurisdiction over its state law claim under the diversity jurisdiction statute,

28 U.S.C. § 1332, which grants the federal courts jurisdiction over civil actions where the

amount in controversy exceeds $75,000 and the suit is between "citizens of different States."

28 U.S.C. § 1332(a)(1); *see also St. Paul Fire & Marine Ins. Co. v. Universal Builders Supply*,

409 F.3d 73, 80 (2d Cir. 2005) (stating that "[i]t is well established that for a case to fit within

[§ 1332], there must be complete diversity" between plaintiffs and defendants (internal quotation

marks omitted)).[1]

---

[1] While Plaintiff seeks a declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. § 2201, that Act does
not by itself confer subject-matter jurisdiction on federal courts. *Medtronic, Inc. v. Mirowski Family Ventures, LLC*,
134 S. Ct. 843, 848 (2014).

"[I]n our federal system of limited jurisdiction . . . the court sua sponte, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction." *United Food & Commercial Workers Union v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (internal quotation marks and citation omitted); *see Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 62 (2d Cir. 2009) ("'It is a fundamental precept that federal courts are courts of limited jurisdiction' and lack the power to disregard such limits as have been imposed by the Constitution or Congress." (quoting *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978))). "[A] plaintiff premising federal jurisdiction on diversity of citizenship is required to include in its complaint adequate allegations to show that the district court has subject matter jurisdiction." *Durant*, 565 F.3d at 64 (citing Fed. R. Civ. P. 8(a)(1)).

According to the Complaint, Plaintiff is a "volunteer fire company organized and existing under the laws of the Commonwealth of Pennsylvania, with its principal place of business" in Childs, Pennsylvania. (Dkt. No. 1, ¶ 2). Plaintiff fails to allege the nature of this entity. Further, the Complaint alleges that "Defendant Plastisol Composites, LLC is a corporation duly organized and existing under the laws of the State of New York, with its principal place of business at 101 Gerald L. Moses Drive, Groton, New York 13073." (Dkt. No. 1, ¶ 4). A limited liability company (an "LLC"), however, is not a corporation. Whereas a corporation's citizenship is determined by its state of incorporation and its principal place of business, *see* 28 U.S.C. § 1332(c), "a limited liability company . . . takes the citizenship of each of its members," *Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012).

2

What matters for purposes of diversity jurisdiction is whether the parties were diverse at the commencement of this case:

> It has long been the case that "the jurisdiction of the court depends upon the state of things at the time of the action brought." . . . It measures all challenges to subject-matter jurisdiction premised upon diversity of citizenship against the state of facts that existed at the time of filing—whether the challenge be brought shortly after filing, after the trial, or even for the first time on appeal.

*See Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570 (2004) (quoting *Mollan v. Torrance,* 9 Wheat. 537, 539 (1824)). Since Plaintiff fails to provide the requisite information concerning the parties' citizenship as of March 22, 2017, when it commenced this action, the allegations in the Complaint are insufficient to show that there is complete diversity of citizenship between the parties. *See, e.g.*, *Long Beach Rd. Holdings, LLC v. Foremost Ins. Co.*, 75 F. Supp. 3d 575, 584 (E.D.N.Y. 2015) (concluding that "diversity of citizenship" was not "a proper basis of subject matter jurisdiction" where the plaintiff limited liability company did "not set forth any allegations with respect to its structure or membership").[2]

Accordingly, it is

**ORDERED** that, if Plaintiff seeks to pursue this action for declaratory relief, Plaintiff shall file a memorandum, not to exceed ten pages, on or before January 4, 2018, showing cause why this action should not be dismissed for lack of subject-matter jurisdiction; and it is further

**ORDERED** that, if Plaintiff maintains there is complete diversity between the parties, it shall submit available evidence in support, including affidavits, identifying the citizenship of Plaintiff and each member of Defendant limited liability company as of March 22, 2017; and it is further

---

[2] Further, the Court notes that the Complaint's prayer for relief seeks a declaratory judgment, whereas Plaintiff's proposed default judgment requests money damages. (*Compare* Dkt. No. 1, at 3, *with* Dkt. No. 11-5). Even if this Court had diversity jurisdiction, it could not enter a default judgment "differ[ing] in kind from, or exceed[ing] in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

**ORDERED** that Defendant may respond to Plaintiff's submission, with a memorandum not to exceed ten pages and any supporting affidavits, on or before January 11, 2018; and it is further

**ORDERED** that Plaintiff shall serve a copy of this Order to Show Cause on Defendant pursuant to the requirements of Fed. R. Civ. P. 4.

**IT IS SO ORDERED.**

Dated: December 19, 2017
        Syracuse, New York

Brenda K. Sannes
U.S. District Judge